UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No. 15-20283
vs.                          HON. GEORGE CARAM STEEH

SVETLANA SRIBNA, *et al.*,

        Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF INFORMANTS' IDENTITIES AND DETAILS OF AGREEMENTS (DOC. 150)

This matter is presently before the Court on defendant Svetlana Sribna's Motion for Disclosure of Informants' Identities and Details of Agreement. (Doc. 150). The Motion is joined by defendants Jennifer Franklin, Rodney Knight, Tara Jackson, Sashanti Morris, Anna Fradlis, Maryna Pitsenko, and Marina Jacobs. Sribna requests that the Court order the Government, pursuant to its duty to disclose evidence potentially favorable to a criminal defendant, to produce a variety of information that Sribna seeks in order to determine (1) the details of any agreements between the Government and any of its witnesses, and (2) the names of such witnesses.

The Government responds that Sribna's request is over broad. The Government further asserts that it is aware of and intends to comply with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) (requiring disclosure of evidence favorable to the defendant that tends to negate or reduce his level of guilt) and *Giglio v. United States*, 405 U.S. 150 (1972) (requiring disclosure of evidence tending to impeach the credibility of Government witnesses). As such, the Government states that it will comply with *Brady*, but notes that within due process limits, the timing of these disclosures is within its discretion. *States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988). The Government further asserts that it will disclose all deals, promises, criminal history, and similar material for every witness. It continues that such impeaching information need only be disclosed in time for effective use at trial. *See id.* It is not yet known which defendants will proceed to trial. The Government, therefore, states that it is impossible to know, with any level of certainty, which witnesses it will call.

The Court agrees with the Government, and further finds that it does not require additional incentive to comply with its obligations. As such, the Government shall be left to provide defendants with these disclosures in due course.

Sribna also argues that the Court should order the disclosure of the informants' identities pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957). But *Roviaro* does not grant a defendant a broad right to pretrial identification of all Government informant witnesses. Instead, *Roviaro* recognizes an informer's privilege, which permits the Government to "withhold from disclosure the identity of persons who furnish information of violation of laws to officers charged with enforcement of that law." *Id.* at 59. The scope of this privilege is limited by its underlying purpose and the fundamental requirements of fairness. *Id.* at 60. The privilege must give way where "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60-61. This requires a balancing of the "public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* The Sixth Circuit recognized a limitation on the right to disclosure in *United States v. Sharp*, 778 F.2d 1182 (6th Cir. 1985). There, the defendant sought an informant's identity to further an

entrapment defense. *Id.* at 1183. The court found that the trial court had abused its discretion in ordering disclosure based on defense counsel's representations without conducting an in camera interview of the informant and without first requiring that the defendant adduce some evidence of entrapment. *Id.* at 1187. To support this ruling, the court quoted *United States v. Gonzales*, 606 F.2d 70 (5th Cir. 1979) for the proposition that "[m]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." *Sharp*, 778 F.2d at 1187 (citing *Gonzales*, 606 F.2d at 75). Here, Sribna purportedly seeks the disclosure of all informant identities in order to speak with the witnesses. She asserts that such discussion could lead to the discovery of exculpatory evidence. This is simply conjecture or supposition about the possible relevancy of the informant's testimony.

For the reasons stated above, defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: July 31, 2017

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 31, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk