UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

    Case No. 15-20283
    HON. GEORGE CARAM STEEH

SVETLANA SRIBNA, *et al.*,

    Defendants.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR A WRITTEN PROFFER AND A HEARING TO DETERMINE ADMISSIBILITY OF CO-CONSPIRATORS' STATEMENTS (DOC. 152)

This matter is presently before the Court on defendant Svetlana Sribna's Motion for a written proffer and a hearing to determine admissibility of co-conspirator statements pursuant to Fed. R. Evid. 801(d)(2)(E). (Doc. 152). The Motion is joined by defendants Jennifer Franklin, Rodney Knight, Tara Jackson, Sashanti Morris, Anna Fradlis, and Maryna Pitsenko. Sribna requests that the Court make a pretrial determination of the admissibility of co-conspirator statements that the Government may seek to introduce in its case in chief. Sribna asks the

Court to require disclosure of these statements and conduct a hearing pursuant to Fed. R. Evid. 104(a) and 801(d)(2)(E). For the reasons stated below, Sribna's motion is DENIED.

Pursuant to *United States v. Vinson*, 606 F.2d 149 (1979), the Court may determine the admissibility of evidence offered under Fed. R. Evid. 801(d)(2)(E) by holding a "mini-hearing in which the court, without a jury, hears the Government's proof of conspiracy and makes the preliminary *Enright* finding." *Id.* at 152. *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978), requires the Government to prove three elements for the admission of coconspirator statements to be upheld: (1) a conspiracy existed; (2) the defendant was a member of the conspiracy, and (3) the statement was made by a conspirator in the course of and in furtherance of the conspiracy. The Court must find that the Government has proven these elements by a preponderance of the evidence, and may use the statements themselves in making its decision. *Bourjaily v. United States*, 483 U.S. 171, 178-79 (1987).

While the Court is required to make an *Enright* finding, it is not required to make a decision at a single time or through a single manner. For example, while the Court has the discretion to conduct a mini-hearing,

it may also admit co-conspirator testimony conditionally and reserve its decision on an *Enright* finding until the close of the Government's case. *Vinson*, 606 F.2d at 152-53.

Sribna asserts that a mini-hearing will ensure that inadmissible prejudicial evidence is not presented to the jury and make trial more efficient by limiting the need for objections. The Court disagrees. The mini-hearing procedure "has been criticized as burdensome, time-consuming and uneconomic." *Vinson*, 606 F.2d at 152. The Court finds that these criticisms apply here, where the bulk of the government's case allegedly consists of co-conspirator statements. Moreover, the first and second elements of *Enright* –whether the Government has proven a conspiracy and whether the defendant was a member – are identical to the question the Court must consider in determining whether to dismiss the conspiracy charge in this case.[1] The Court, therefore, finds that the circumstances of this case do not warrant a mini-hearing. Instead, the Court shall conditionally admit the 801(d)(2)(E) testimony, subject to a

---

[1] The Court notes, however, that different standards of proof apply. An *Enright* finding must be proven by a preponderance of the evidence while the conspiracy charge must be proven beyond a reasonable doubt.

determination at the close of the case that the United States has met its burden of proof set forth in *Enright.*

Dated: July 31, 2017

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 31, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk