UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JENNIFER FRANKLIN,

    Defendant.
_____/

Case No. 15-20283

HON. GEORGE CARAM STEEH

OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO VACATE SENTENCE (DOC. 371) AND
THE GOVERNMENT'S MOTION TO STRIKE (DOC. 374)

Defendant Jennifer Franklin filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255, to which the government has responded. The government also filed a motion to strike the petition, based upon defense counsel's alleged lack of membership in the Eastern District of Michigan bar and his use of another attorney's ECF credentials. The court is satisfied with defense counsel's response to the government's motion and denies the motion to strike. For the reasons explained below, the court also denies Defendant's motion to vacate sentence.

## BACKGROUND FACTS

Jennifer Franklin, a medical doctor, was charged with conspiracy to distribute controlled substances. On August 16, 2017, she pleaded guilty pursuant to a Rule 11 plea agreement. In her plea agreement, Franklin accepted the following factual basis for her guilty plea:

> The defendant personally wrote prescriptions for more than 200,000 dosage units of 30 mg oxycodone while employed by Boris Zigmond. In order to make a conservative estimate of the quantity of illegitimate prescriptions to be ascribed to the defendant for sentencing purposes, the parties agree that at least 3,500 dosage units of 30 mg oxycodone and 7,000 dosage units of other Schedule III, IV, and V substances, were completely illegitimate. The defendant, a licensed physician, was aware that the controlled substances she agreed to prescribe were not medically necessary.

Doc. 238 at 2-3. The parties agreed to a sentencing guidelines range of 57 to 71 months. After Franklin completed a debriefing that allowed the court to apply the safety valve under U.S.S.G. § 5C1.2, the court sentenced Franklin to 33 months in prison on February 8, 2018.

The judgment was issued on February 12, 2017, and Franklin did not appeal. Franklin timely filed a petition to vacate, set aside, or correct sentence on January 24, 2019. The government filed its response on March 4, 2019.

LAW AND ANALYSIS

Defendant alleges that she received ineffective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution. To present an ineffective assistance of counsel claim under 28 U.S.C. § 2255, Defendant must show that (1) her attorney's performance was seriously deficient and (2) this deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show that counsel's performance was deficient, Defendant must demonstrate that her counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Id*. at 688. In applying this standard, "a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 695.

Counsel's deficiency results in prejudice if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To satisfy the prejudice requirement in the context of sentencing, a defendant must show that counsel's error resulted in a longer sentence than would otherwise have

been imposed. *See Glover v. United States*, 531 U.S. 198, 204 (2001); *Ramirez v. United States*, 799 F.3d 845, 855 (7th Cir. 2015) ("An attorney's failure to object to an error in the court's guidelines calculation that results in a longer sentence for the defendant can demonstrate constitutionally ineffective performance.").

Defendant argues that her attorney was ineffective because she advised her to agree to a drug weight of 105 grams of oxycodone in the plea agreement, resulting in a base offense level of 28. *See* U.S.S.G. § 2D1.1(a)(5), (c)(6). Defendant argues that this drug weight calculation is incorrect and that the correct drug weight would have resulted in a lower sentencing guidelines range. Defendant has not, however, demonstrated that the drug weight calculation is incorrect. Franklin agreed to a "conservative estimate" of "at least 3,500 dosage units of 30 mg oxycodone" in the plea agreement. This equates to 105,000 milligrams (105 grams) of oxycodone: 3,500 x 30 = 105,000. According to the drug conversion table in § 2D1.1 of the Sentencing Guidelines, one gram of oxycodone is equivalent to 6700 grams of marijuana. Thus, 105 grams of oxycodone (multiplied by 6700) is equivalent to 703,500 grams or 703.5 kilograms of marijuana, which results in a base offense level of 28. U.S.S.G. § 2D1.1(c)(6). *See also U.S. v. Nassar*, 373 Fed. Appx. 564, 565

(6th Cir. 2010) (explaining calculation of drug weight for oxycodone). This is the base offense level used to calculate Franklin's sentencing guidelines range, which was reduced to 25 based upon her acceptance of responsibility. Because Franklin's drug weight calculation was correct, her counsel did not err in failing to object to it.

Franklin also argues that legitimately prescribed pills were used to incorrectly increase her drug quantity, and that her attorney should have objected to the inclusion of Schedule III, IV, and V substances in her drug quantity. There is no evidence that Franklin was sentenced based upon legally prescribed medicines. Indeed, it is clear from the record that she was sentenced based upon an extremely conservative drug weight. An agent conducted a random sample of 127 out of 613 of Franklin's patient files related to the conspiracy. Doc. 227-1. The 127 files contained 219 prescriptions (90 count or 120 count) of Roxicodone (30 mg). Assuming 90 pills per prescription, 219 prescriptions equals 19,710 pills, which is significantly higher than the 3,500 pills for which Franklin was held responsible.[1] In addition, the inclusion of the Schedule III, IV, and V substances in her drug quantity did not ultimately affect her base offense

---

[1] The government calculates that 219 90-count Roxicodone prescriptions would have resulted in a sentencing range of 121-151 months of imprisonment.

level or sentencing range.  See U.S.S.G. § 2D1.1(c)(6) (base offense level 28 includes "at least 700 KG but less than 1,000 KG of marihuana").  With respect to the drug quantity, Franklin's counsel did not err, but negotiated a favorable plea agreement.

Lastly, Franklin contends that she reviewed her pre-sentence report and that she had "issues with the language," which were "to be addressed with the Probation Officer."  An addendum to the report contains several objections by the Defendant and the probation officer's responses.  Franklin contends that her counsel was ineffective because Franklin "never reviewed an amended PSR prior to her sentencing."  However, Franklin does not articulate any prejudice as a result.

For these reasons, Franklin has not demonstrated that her counsel's performance was deficient or that her counsel's performance prejudiced her defense.  Under the circumstances, an evidentiary hearing is not required.  See Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996) (citing Fontaine v. United States, 411 U.S. 213, 215 (1973) ("[E]videntiary hearings are not required when, as here, the record conclusively shows that the petitioner is entitled to no relief.").

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion to vacate sentence (Doc. 371) is DENIED.

IT IS FURTHER ORDERED that the government's motion to strike (Doc. 374) is DENIED.

The court declines to issue a certificate of appealability, because Defendant has not "made a substantial showing of the denial of a constitutional right," for the reasons stated above. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22.

Dated: August 6, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 6, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk