UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JENNIFER FRANKLIN,

    Defendant.

_____/

Case No. 15-20283

HON. GEORGE CARAM STEEH

ORDER DENYING PETITION FOR RECOMMENDATION
OF HALFWAY HOUSE PLACEMENT (ECF NO. 397)

Defendant Jennifer Franklin seeks the court's recommendation that she be placed in home confinement or a residential re-entry center. Franklin, a medical doctor, pleaded guilty to conspiracy to distribute oxycodone. The parties agreed to a sentencing guidelines range of 57 to 71 months in prison. After Franklin completed a debriefing that allowed the court to apply the safety valve under U.S.S.G. § 5C1.2, the court sentenced Franklin to 33 months in prison on February 8, 2018.

Franklin's release date is July 30, 2020. She contends that her rehabilitation and conduct in prison make her a good candidate for the maximum level of halfway house placement or home confinement. Franklin does not indicate whether the Bureau of Prisons has made any determination regarding her suitability for placement in an alternative facility

-1-

during the final months of her term. *See generally United States v. Parks*, 2018 WL 3135940 at *1 (N.D. Ohio June 27, 2018) (noting that the Bureau of Prisons evaluates inmates for residential re-entry center placement 17 to 19 months before their projected release dates).

The Second Chance Act, Pub. L. No. 110-199, § 251(a), 122 Stat. 657 (2008), amended 18 U.S.C. § 3642(c) to provide that the Bureau of Prisons shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed twelve months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3642(c)(1). As Franklin acknowledges, an inmate's placement at any particular facility is solely within the authority of the Bureau of Prisons. *See* 18 U.S.C. § 3621(b). "The decision to place an inmate in a pre-release community confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *United States v. George*, 2018 WL 2148179 at *2 (E.D. Mich. May 10, 2018). *See also* 18 U.S.C. § 3624(c). These factors are as follows:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--

> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C.A. § 3621(b). The statute further provides that "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." *Id.*

The court is not inclined to make a recommendation regarding Franklin's placement. As other courts have recognized, the Bureau of Prisons is in the best position to determine whether placement in a halfway house or home confinement is appropriate. *See George*, 2018 WL 2148179 at *3 ("The BOP has the most complete and accurate information regarding the five factors to make an individual determination regarding Defendant's placement."); *United States v. Brooks*, 2019 WL 118593 (W.D. Ky. Jan. 7, 2019); *Parks*, 2018 WL 3135940. Considering the circumstances of this case, the court finds no basis to weigh in, either for or against any particular placement.

Therefore, IT IS HEREBY ORDERED that Franklin's petition seeking a recommendation of maximum home confinement or halfway house placement is DENIED.

Dated: October 8, 2019

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 8, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk